UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHONA CHAVIS, HOLDEN SANDERS, and EMANUEL CHAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>TROY LAWRENCE, JR., in his personal capacity, CITY OF BATON ROUGE, and PARISH OF EAST BATON ROUGE.<br><br>    Defendants. | No. 23-cv-1129 |

**MOTION FOR CONTEMPT**

    1.    On September 16, 2024, the Magistrate Judge conducted a status conference with Plaintiff's counsel and attorney Donna Grodner "because Ms. Grodner purports to have represented Plaintiffs Shona Chavis, Holden Sanders, and Emanuel Chavis" and purports to have asserted "a lien . . . against the proceeds of any judgment or resolution of this case." *See* Dkt. 51.

    2.    That same day, a resolution was reached, and both Mr. Frampton and Ms. Grodner were subject to orders of this Court. Ms. Grodner initially did not want to provide any assurance of a particular date or time that she was obligated to return the memorialized agreement, but undersigned counsel and the Court insisted upon it. Specifically, Mr. Frampton was ordered "no later than **September 17, 2024** at 5:00 p.m. CDT . . . to provide a draft document to Ms. Grodner memorializing the terms of the settlement," and Ms. Grodner was ordered to "return the document

1

to Mr. Frampton by no later than **September 20, 2024** at 5:00 p.m. CDT." *See id.* (emphasis in original).

3. On Tuesday, September 17, 2024, via email at 1:36 p.m., Ms. Grodner initially announced that she would not comply with the Court's order: "You will get the release of claims when I get the check or other form of payment." After counsel forwarded the message to the Court and copied the Court on all subsequent correspondence, Ms. Grodner modified her stance: "If you provide me with a copy of the certified mail receipt showing you sent the check – I will agree to email an electronic copy of the executed R&R."

4. On Friday, September 20, 2024, undersigned counsel provided Ms. Groder a copy of the certified mail receipt showing that he had mailed payment and requested the signed agreement as ordered by the Court.

5. Undersigned counsel received two incoherent/garbled email messages in response from Ms. Grodner before the deadline lapsed. Undersigned counsel called Ms. Grodner's office at 4:08 p.m. CDT but received on answer.

6. After the deadline lapsed, undersigned counsel emailed that he intended to file for contempt. Only then did Ms. Grodner respond in complete sentences, confirming that her defiance of the Court's order is intentional and willful. Specifically, she stated had initially intended to provide the agreement as ordered by this Court, but she would now not do so because "you wanna be a jerk . . . apologize for being such a jerk."

[signature on next page]

Respectfully submitted,

**SHONA CHAVIS, HOLDEN SANDERS,** and
**EMANUEL CHAVIS**

By: _____

    Their attorney

Thomas W. Frampton (La. Bar No. 35775)
580 Massie Road
Charlottesville, VA 22903
(202) 352-8341
tframpton@law.virginia.edu